# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JB RESTAURANTS, LLC, *et. al.*, )<br>)<br>Defendants. ) | Case No. 11-03458 -CV-FJG |

## ORDER

Currently pending before the Court is Plaintiff J & J Sports Productions, Inc.'s Motion for Default Judgment (Doc. No. 18, 19, & 20).

### I.   BACKGROUND

On November 22, 2011, Plaintiff J & J Sports Productions, Inc. ("J&J") filed a Complaint against Defendant JB Restaurants, LLC ("JB") and Defendant Joe Blasingim alleging violation of 47 U.S.C. § 605 for unlawful interception of signals and programming services. Plaintiff alleges it owned exclusive nationwide television distribution rights to the WBO Welterweight Championship Fight Program with Manny Pacquiao and Miguel Cotto ("Program"), which took place on November 14, 2009. Plaintiff states it entered into subsequent sublicensing agreements with various commercial entities, throughout the State of Missouri, to publicly exhibit the Program to patrons within their respective establishments. Plaintiff states Defendant JB and its operator, Defendant Joe Blasingim, willfully and knowingly, displayed the telecast without Plaintiff's prior authorization. (Doc. No. 1 & 20).

1

Service was executed on Defendant Joe Blasingim on December 19, 2011 (Doc. No. 3). Service was executed on Defendant JB on December 21, 2011 (Doc. No. 4). Defendant Blasingim's Answer was due on January 9, 2012 and Defendant JB Restaurants, LLC's Answer was due on January 11, 2012 (Doc. No. 3 & 4). To date, nothing has been filed.

On February 22, 2012, Plaintiff filed a Motion for Entry of Default (Doc. No. 6). Defendants' Suggestions in Opposition were due by March 12, 2012. Neither Defendant filed opposition. On March 19, 2012, the Court issued a show cause order directing Defendants to state why each failed to respond to the Motion for Entry of Default (Doc. No. 9). Neither Defendant filed a response. On April 26, 2012, the Court granted Plaintiff's Motion for Entry of Default and ordered Plaintiff to file a Motion for Default Judgment that included briefing on damages (Doc. No. 13). On May 25, 2012, Plaintiff filed a Motion for Default Judgment and an Amended Motion for Default Judgment (Doc. No. 18 & 19). On June 1, 2012, Plaintiff filed Suggestions in Support of its Motion for Default Judgment (Doc. No. 20). Defendants' Suggestions in Opposition/Response were due on June 11, 2012. To date, nothing has been filed.

## II. STANDARD OF REVIEW

Upon a court's entry of default, a defendant is deemed to have admitted all well pleaded allegations in the complaint. Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010). Under 47 U.S.C. § 605, a party who unlawfully intercepts signals and programming services shall divulge to the aggrieved party an award of statutory damages for each violation in a sum of not less than $1,000 or more than $10,000, as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). Additionally, in any case in

which the court finds the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court may increase the award of damages to an amount of not more than $100,000 for each violation. 47 U.S.C. § 605(e)(3)(C)(ii).

## III. DISCUSSION

Plaintiff seeks $10,000 in statutory damages and $100,000 in enhanced damages for Defendants' willful violation. (Doc. No. 1, 18, 19, & 20).[1]

In J & J Sports Prod. v. Diaz De Leon, No. 2:11-CV-02051, 2012 WL 79877 (W.D. Ark. Jan. 11, 2012), plaintiff brought an action against defendants El Coyote Sports Bar and Maria L. Diaz de Leon ("Diaz de Leon"). Plaintiff alleged defendants knowingly and willfully violated 47 U.S.C. § 553 and 47 U.S.C. § 605 by unlawfully intercepting and exhibiting the Mayweather and Mosley fight for which Plaintiff owned distribution rights. Id. at *1. Defendants failed to respond to the action and default was entered against them. Id. at *1. Upon consideration of damages, the court determined personal liability against Defendant Diaz de Leon was appropriate based on the allegations in the Complaint, which stated Diaz de Leon had supervisory capacity and control over, and received financial benefit from, the activities occurring within El Coyote on the date in issue. Id. at *2. In addition, the court determined that enhanced damages were appropriate as it drew an inference of willfulness from defendant's failure

---

[1] It is important to note that Plaintiff's pleadings are inconsistent. Plaintiff's Complaint seeks statutory damages of $100,000 and enhanced damages of $50,000 (Doc. No. 1). Plaintiff's original Motion for Default Judgment seeks statutory damages of $10,000 and enhanced damages of $100,000 (Doc. No. 18). Plaintiff's Amended Motion for Default Judgment seeks statutory damages of $100,000 and enhanced damages of $50,000 (Doc. No. 19). Plaintiff's Suggestions in Support of its Amended Motion for Default Judgment seeks statutory damages of $10,000 and enhanced damages of $100,000 (Doc. No. 20). For purposes of this order, the Court utilizes the amounts corresponding to Plaintiff's pleadings and the maximum amounts for relief listed under 47 U.S.C. § 605. J & J Sports Prod. v. Cotorra Cocina Mexicana & Bar LLC, Case No. 3:10-CV-597-CWR-LRA, 2012 WL 1098446, at *2 (S.D. Miss. March 30, 2012).

to appear in an action in which the plaintiff sought increased statutory damages and defendant gained a mild to moderate commercial financial advantage. Id. at *3. Further, the court determined that consideration of the following factors was appropriate: (1) the amount defendants would have paid to purchase the fight properly; (2) the upsurge in profits resulting from the increased food and beverage sales primarily due to rise in patronage of individuals wanting to see the fight; (3) plaintiff's failure to present evidence defendants advertised the fight to draw in customers; (4) defendants' previous engagement in signal piracy; (5) the court's goal of deterring future signal piracy; and (6) the loss of goodwill a plaintiff suffers when paying customers see potential patrons lost to establishments which illegally obtain these types of programs for free. Id.

Ultimately, the court awarded plaintiff a total of $15,000. Id. This amount included the $4,200 plaintiff alleged it would have cost to properly purchase the program; approximately $800 for the beverages and food of 30 patrons a private investigator noted frequented El Coyote on the night in question; and an additional $10,000 in enhanced damages, using a multiplier of two from the base statutory damages for defendants' willful violation. Id. at *3-4. Finally, the court awarded mandatory attorney's fees, which it found reasonable, pursuant to 47 U.S.C. § 605.

In the case now before this Court, the Complaint establishes that personal liability against Defendant Blasingim is appropriate because it alleges that Blasingim, similar to Maria L. Diaz de Leon, exerted primary control over the activities occurring on the night the Program was shown. Further, given that Defendants offered the Program to patrons of their establishment for private gain or commercial advantage, the awarding

4

of enhanced damages may be appropriate. Nonetheless, Plaintiff has not provided the Court with evidence quantifying the amount appropriate for relief.[2] As such, this Court lacks sufficient information to adequately calculate statutory damages above the minimum award. J & J Sports Prod. v. Cotorra Cocina Mexicana & Bar LLC, No. 3:10-CV-597-CWR-LRA, 2012 WL 1098446 (S.D. Miss. March 30, 2012). Accordingly, the Court hereby **GRANTS** in part and **DENIES** in part Plaintiff's Motion for Default Judgment (Doc. No. 18 & 19). Plaintiff is awarded the statutory minimum of $1,000.

As the prevailing party, Plaintiff is entitled to an award of reasonable attorney's fees and costs. 47 U.S.C. § 605(e)(3)(B). However, the record contains no evidence with respect to attorney's fees. As such, Plaintiff shall submit to the Court **on or before September 11, 2012,** an itemized summary of billable hours for approval of attorney's fees by the Court.

The Clerk of the Court shall send a copy of this order via regular and certified mail to Defendants at the following addresses: Joe Blasingim 1440 W. Republic Road Springfield, MO 65804 and JB Restaurants, LLC 600 West Main Jefferson City, MO 65804

**IT IS SO ORDERED.**

Date: <u>September 4, 2012</u>  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
  Chief United States District Judge

---

[2] In Diaz de Leon, Plaintiff provided the court with evidence of the establishment's cover fee, an amount defendants would have paid to purchase the program and video-taped evidence from a private investigator regarding defendant's potential increased profits and number of patrons in defendants' establishment when the program was shown. Diaz de Leon, 2012 WL 79877, * 2-4.